# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **B.S.-1 and B.S.-2**

**No. 23-252** (Randolph County CC-42-2022-JA-40 and CC-42-2022-JA-41)

## MEMORANDUM DECISION

Petitioner Father B.S.-3[1] appeals the Circuit Court of Randolph County's April 2, 2023, order terminating his parental rights to B.S.-1 and B.S.-2,[2] arguing that termination was improper because there was insufficient evidence to adjudicate him as an abusing parent and that the court should have granted an evidentiary hearing to address his allegations of ineffective assistance of prior counsel. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In May 2022, the DHS filed a petition alleging that the petitioner abused and neglected his two biological children, B.S.-1 and B.S.-2, based upon his sexual abuse of his minor stepdaughter, J.F.[3] The petition alleged that this abuse occurred while J.F. resided in the home with the petitioner, B.S.-1, and B.S.-2. On May 19, 2022, the petitioner was charged with sexual abuse by a parent, guardian, or custodian. On May 31, 2022, a forensic interviewer with the Randolph County Child Advocacy Center completed a forensic interview with J.F., who described, in detail, the petitioner's sexual abuse. At the time, J.F. was sixteen years old.

The circuit court held an adjudicatory hearing on November 3, 2022. The DHS submitted evidence of the forensic interview of J.F., where she disclosed that she and the petitioner had sexual

---

[1] The petitioner appears by counsel Jeremy B. Cooper. The West Virginia Department of Human Services appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Lee Niezgoda. Counsel Gregory R. Tingler appears as the children's guardian ad litem.

Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e). Additionally, because the children and the petitioner share the same initials, we refer to the children as B.S.-1 and B.S.-2 and the petitioner as B.S.-3.

[3] J.F. is no longer a minor and is not at issue in this appeal.

1

intercourse on four occasions in the summer of 2021. The petitioner's sister testified that J.F. told her that J.F. and the petitioner have "had sex before" and that it happened three or four times. The sister confronted the petitioner about J.F.'s allegation, and he initially denied that anything inappropriate had occurred. After the sister told him that anything saved on his phone could be recovered, he told her that "it was consensual" but did not give any more details. The sister then called Child Protective Services and reported the allegations. A DHS worker testified about her investigation, explaining that she interviewed J.F., and that J.F. reported that the petitioner "had sex" with her four times. J.F. also reported that, on one occasion, the petitioner took her to purchase an emergency contraceptive pill after the fact.

The DHS also entered into evidence several series of text messages between the petitioner and J.F. After J.F.'s disclosure to the petitioner's sister, the petitioner sent her multiple text messages asking her to "not say anything," stating he would never forgive himself for it and promising to never do it again. The petitioner testified and denied the allegations. However, he admitted to sending the text messages alleging that he was only trying to do "damage control" to "get ahead of her story spiraling out of control." He further admitted to telling his sister that "it was consensual," but again stated that he was trying to control the damage and calm J.F. down. The petitioner also testified that J.F. was out of town visiting her father at the end of July 2021 when some of the abuse was alleged to have occurred.

The circuit court found that that the petitioner sexually abused J.F. based on J.F.'s disclosures during the forensic interview, which were supported by the testimony and evidence presented, including the text messages between J.F. and the petitioner and the petitioner's comment that "it was consensual." The court did not find credible the petitioner's explanations of the text messages or his comment. Regarding the petitioner's arguments about the timeline, the court found that, while the timeline proffered by the petitioner may reduce the window in which the abuse occurred, it did not establish that the abuse did not take place. Accordingly, the court adjudicated the petitioner as an abusing parent to B.S.-1 and B.S.-2 based on the sexual abuse of J.F.

The circuit court held a dispositional hearing on March 20, 2023. At some point between the adjudicatory hearing and the dispositional hearing, the petitioner obtained new counsel. At the onset of the dispositional hearing, the petitioner's new counsel made an oral motion to "reopen the adjudication." The petitioner's counsel proffered that the petitioner was not given an opportunity to personally review the forensic interview prior to the adjudicatory hearing. According to the petitioner, he would have asked for two additional witnesses to be called had he been able to view the forensic interview. The circuit court heard arguments on the motion and allowed the petitioner to testify regarding the witnesses. The circuit court denied the petitioner's motion to reopen adjudication, explaining that there was no authority allowing the reopening of adjudication under these circumstances. The petitioner's counsel then asked if the court would consider holding an evidentiary hearing to allow the petitioner's prior counsel to testify, but the court refused. Following a dispositional hearing held in March 2023, the circuit court terminated the petitioner's

parental rights to B.S.-1 and B.S.-2 by order entered on April 2, 2023.[4] It is from this order that the petitioner appeals.[5]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

The petitioner first argues that the circuit court erred by adjudicating him as an abusing parent in the absence of clear and convincing evidence that he committed sexual abuse. We disagree. The circuit court's finding that the petitioner sexually abused J.F. was supported by clear and convincing evidence, namely: (1) J.F.'s forensic interview disclosing the sexual abuse; (2) the petitioner's sister's testimony regarding J.F.'s disclosure to her; (3) the petitioner's comment that "it was consensual"; and (4) the petitioner's admission to sending J.F. text messages asking her to not say anything, apologizing, and promising to never do it again.

We decline the petitioner's invitation to disturb the lower court's determination that the petitioner's explanations for these messages, comments, and his proffered timeline of the abuse lacked credibility. We have previously held that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations." *Michael D.C. v. Wanda L.C.*, 201 W. Va. 381, 388, 497 S.E.2d 531, 538 (1997). And, we have also explained that cases involving sexual abuse of a child "'generally pit the child's credibility against an adult's credibility and often times an adult family member's credibility'" and that "'children often have greater difficulty than adults in established precise dates of incidents of sexual abuse.'" *In re C.M.*, 236 W. Va. 576, 585, 782 S.E.2d 763, 772 (2016) (quoting *State v. Edward Charles L.*, 183 W.Va. 641, 650-51, 398 S.E.2d 123, 132-33 (1990) (footnotes and citations omitted)). Consequently, we will not second guess the circuit court's determination that the petitioner's explanation of the messages to J.F. and admissions lacked credibility.

Turning to the question of whether the evidence was sufficient to support the petitioner's adjudication as to B.S.-1 and B.S.-2, we have held:

> Where there is clear and convincing evidence that a child has suffered physical and/or sexual abuse while in the custody of his or her parent(s), guardian, or custodian, another child residing in the home when the abuse took place who is not a direct victim of the physical and/or sexual abuse but is at risk of being abused is an abused child under [W. Va. Code 49-1-201].

Syl. Pt. 2, *In re Christina L.*, 194 W. Va. 446, 460 S.E.2d 692 (1995). As stated above, B.S.-1 and B.S.-2 shared a residence with J.F. when the abuse occurred. Thus, we find no error in the circuit

---

[4] The children were placed in their mother's custody.

[5] On appeal, the petitioner does not assign error to the court's termination ruling; therefore, we need not go into detail regarding the dispositional hearing.

court's adjudication of the petitioner as an abusing parent to B.S.-1 and B.S.-2 based on the sexual abuse of J.F.

The petitioner next argues that the circuit court erred by denying him an opportunity for an evidentiary hearing to address his allegations of ineffective assistance of prior counsel. However, this court has never recognized a claim of ineffective assistance of counsel in an abuse and neglect proceeding, and we decline to do so here. *See, e.g.*, *In re C.R.*, No. 22-0189, 2022 WL 3961921 (W. Va. Aug. 31, 2022) (memorandum decision) (declining to address claim of ineffective assistance of counsel in abuse and neglect proceedings). Further, the petitioner is unable to provide any authority that would have entitled him to an evidentiary hearing to address these issues before the lower court. Therefore, we find that the petitioner is entitled to no relief in this regard.

For the foregoing reasons, we find no error in the decision of the circuit court, and its April 2, 2023, order is hereby affirmed.

Affirmed.

**ISSUED**: May 13, 2024

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

4